NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

25-P-302                                            Appeals Court

ADOPTION OF MATTIS.[1]


No. 25-P-302.

Hampden.     January 13, 2026. – March 3, 2026.

Present:  Vuono, Neyman, & Sacks, JJ.


Adoption, Care and protection, Visitation rights.  Parent and
     Child, Adoption.  Minor, Adoption, Visitation rights.
     Department of Children & Families.  Waiver.



     Petition filed in the Hampden County Division of the
Juvenile Court Department on March 5, 2020.

     The case was heard by Lois M. Eaton, J.


     Steven B. Rosenthal for the mother.
     Matthew M. Burke, Assistant Attorney General, for
Department of Children and Families.
     Eric D. Beal for the child.


     SACKS, J.  In this appeal from a Juvenile Court decree

terminating her parental rights as to Mattis, the mother, while

not disputing her unfitness at the time of trial, argues that

_____

     [1] A pseudonym.

the judge erred in ruling that the Department of Children and Families (department) made "reasonable efforts . . . to prevent or eliminate the need for removal from the home." Adoption of Ilona, 459 Mass. 53, 61 (2011), quoting G. L. c. 119, § 29C, first par. The mother thus contends that the department failed to prove her unfitness was not "merely temporary." Adoption of Ilona, supra. We hold that the mother's argument that the department failed to use reasonable efforts is waived, and we clarify that, contrary to her argument, our footnote in Adoption of Chad, 94 Mass. App. Ct. 828, 839 n.20 (2019), was not intended to suggest a more relaxed approach to waiver in the reasonable efforts context. Further seeing no abuse of discretion in the judge's decision not to order posttermination or postadoption visitation, we affirm the decree.

1. Reasonable efforts. The mother acknowledges that, in the trial court, she made no claim that the department had not made reasonable efforts, whether by failing to reasonably accommodate her disabilities, failing to follow its own disability policy, or otherwise. She also acknowledges that "[a] parent cannot raise a claim of inadequate services for the first time on appeal." Adoption of West, 97 Mass. App. Ct. 238, 242 (2020). See Adoption of Gregory, 434 Mass. 117, 124 (2001) ("a parent must raise a claim of inadequate services in a timely manner so that reasonable accommodations may be made"); Adoption

of Yalena, 100 Mass. App. Ct. 542, 554 (2021) ("A claim of inadequate services must be raised in a timely manner to provide the judge and the department the opportunity to make accommodations while the case is pending").  She nevertheless argues that her claim is not waived.  She relies on our comment set forth in a footnote in Adoption of Chad, 94 Mass. App. Ct. at 839 n.20, that "[a]lthough the mother perhaps could have raised the issue more pointedly at trial, the extent to which available supports could have compensated for [her] cognitive deficiencies was a theme that ran through the life of the case," and thus, she asserts that the issue is not waived.

We see no reason why a reasonable efforts claim should not be subject to the same waiver rules that apply to all appeals, and our comment in Adoption of Chad, based on the specific circumstances of that case, was not meant to suggest otherwise.[2] The usual rule is that a party that "did not sufficiently raise [an] issue below" is "barred from raising it on appeal."  Boss v. Leverett, 484 Mass. 553, 562 (2020).  See Adoption of Larry, 434 Mass. 456, 470 (2001) (court refused to consider unpreserved argument that department failed to make good faith effort to assist mother in achieving service plan goals).  Both the

---

[2] Had we intended to recognize a different rule, we would have clearly identified the circumstances in which any such rule would apply in future cases.

opposing party and the judge must be "fairly put on notice as to the substance of the issue." Chelsea Hous. Auth. v. McLaughlin, 482 Mass. 579, 584 (2019), quoting Nelson v. Adams USA, Inc., 529 U.S. 460, 469 (2000). "The reason for this fundamental rule of appellate practice is well established:  it is important that an appellate court have before it an adequate record and findings concerning a claim to permit it to resolve that claim properly" (citation omitted). Boss, supra at 563. See Commonwealth v. Bly, 444 Mass. 640, 650-651 (2005) (reviewing reasons for waiver rule, including "the importance to an appellate court of having the considered opinion of the trial judge on issues that have not been preserved").

To this we add two considerations specific to reasonable efforts issues in child welfare cases. First, "[r]aising the issue at an early stage in the proceedings allows the department to remedy the inadequate services, which in turn fosters a greater chance of family reunification." Adoption of West, 97 Mass. App. Ct. at 242. Second, reasonable efforts determinations are ordinarily fact intensive, requiring a judge both to "consider the contested service or services" and to conduct "a more comprehensive review of the entirety of the department's actions in the context of a particular case." Care & Protection of Rashida, 488 Mass. 217, 229 (2021), S.C., 489

Mass. 128 (2022).  Such determinations are best suited for

resolution in the Juvenile Court in the first instance.

Therefore, were we to view a reasonable efforts claim made

for the first time on appeal as sufficiently meritorious to

warrant additional consideration, one possible outcome would be

a remand for further proceedings in the trial court.[3]  But this

would cause further delays in the already protracted process of

achieving permanency for the child.[4]  "It is in the best

interests of children that there be a speedy resolution of

adoption proceedings."  Adoption of Galen, 425 Mass. 201, 206

---

[3] Of course, a remand to resolve the issue is not always
required, because even "[a] determination by the court that
reasonable efforts were not made shall not preclude the court
from making any appropriate order conducive to the child's best
interest."  G. L. c. 119, § 29C, fifth par.  See Adoption of
Ilona, 459 Mass. at 61.

[4] Here, the department first became involved with the family
in November 2017, a few days after Mattis was born, when the
department received reports of neglect by both the mother and
the father under G. L. c. 119, § 51A (51A report).  The
department found the concerns substantiated and made referrals
for services, conducted an assessment, and created a family
action plan, but closed its case in June 2019 because the family
declined further department involvement.  Upon receiving another
51A report in November 2019, the department supported the
allegations of neglect and reopened the case, and in March 2020,
it filed its care and protection petition after the family
stopped working with the department.  The department obtained
emergency custody of Mattis in August 2020, and custody has
remained with the department to date.  Trial occurred on five
nonconsecutive days in 2023, decrees terminating both parents'
rights issued in July 2024, and detailed findings and
conclusions issued in September 2024.  The father filed a notice
of appeal, but his appeal was dismissed by this court in
September 2025 for lack of prosecution.

(1997).  Any specially relaxed approach to waiver of reasonable efforts arguments would reduce the incentives for parents and their counsel to raise reasonable efforts and related claims at the earliest appropriate time.  This would risk both (1) missing opportunities for obtaining services that could promote family reunification and (2) delaying efforts to achieve permanency for a child.

"A parent has many avenues available to raise a claim of inadequate services."  Adoption of West, 97 Mass. App. Ct. at 242-243 (requesting administrative fair hearing, filing grievance, filing "abuse of discretion" motion, and raising issue at pretrial conference).  See Care & Protection of Rashida, 488 Mass. at 221-222.  Although a parent may have a disability that itself makes raising such a claim more difficult, counsel may and should do so on a parent's behalf.  See Adoption of West, supra at 243, citing Adoption of Gregory, 434 Mass. at 124-125.  Doing so for the first time on appeal is the least effective approach.  "Generally, issues not raised by a losing party in the trial court are not addressed on appeal, absent exceptional circumstances."  Adoption of Mary, 414 Mass. 705, 712 (1993).  See Guardianship of Kelvin, 94 Mass. App. Ct. 448, 452 (2018) (describing circumstances that may warrant consideration of unpreserved issue).  Seeing no such

circumstances here, we decline to reach the mother's reasonable efforts argument.

2. Visitation. We are not persuaded by the mother's claim that the judge abused her discretion in declining to order posttermination or postadoption visitation. See Adoption of Zander, 83 Mass. App. Ct. 363, 365-366 (2013) (visitation decisions are reviewed for abuse of discretion). A key factor in making that decision is "whether there is a significant, existing bond with the biological parent whose rights have been terminated" (quotation and citation omitted). Adoption of Ilona, 459 Mass. at 63-64. The judge here found "no parent-child bond that is important to the child" and thus that a visitation order was not in Mattis's best interests. The mother's argument to the contrary reflects no more than a disagreement with how the judge weighed the evidence. Relatedly, we are unpersuaded by the mother's argument that the judge's findings were insufficient to support her visitation decision.

Nor do we see a need to order reconsideration of the issue merely because of a recent change in Mattis's preadoptive placement. That change would not be expected to increase Mattis's bond with the mother, so as to make an order of visitation in Mattis's best interests. Nothing precludes the judge from reconsidering visitation if warranted by current

circumstances or on an appropriate motion as described in

Adoption of Franklin, 99 Mass. App. Ct. 787, 802-805 (2021).

Decree affirmed.